JAMES D. RUSSELL v. WILLIAM GRIMES, SHERIFF.

[FILED NOVEMBER 8, 1889.]

Sheriff: AMERCEMENT.    Upon the case and evidence as set out at length in the opinion, *held*, that no ground of amercement is shown against the sheriff.

ERROR to the district court for Johnson county.    Tried below before BROADY, J.

*S. P. Davidson*, for plaintiff in error:

The motion for amercement should have been sustained upon the pleadings alone, as the answer contains no sufficient defense.    (Code, 513, 891.)    Plaintiff in error was induced to purchase Spicknall & Hassett's interest by the assurances and return of the sheriff; the latter is therefore liable to the amount thereof with interest.    (Code, secs. 513, 515; *Crooker v. Melick*, 18 Neb., 229.)

*A. M. Appelget,* for defendant in error:

The sheriff's sale was not made subject to the prior fore-closed liens of Buffam and Harman (*Hapgood v. Ellis,* 11 Neb., 131); hence these should be paid first out of the proceeds, and plaintiff is entitled only to the remainder (*Tootle v. White,* 4 Neb., 403; *Buel v. Farwell,* 8 Id., 224); and after they were paid there would be nothing left to apply on the Spicknall & Hassett claim. The low price paid for the claim shows that all parties knew the state of affairs. Plaintiff in error has no standing in court save as the holder of the Buffam lien.

Cobb, J.

This was a proceeding in the district court of Johnson county, brought by James D. Russell against William Grimes, sheriff of said county, for the purpose of amercing said sheriff for failing to bring into court or pay over to the said Russell the proceeds of a sale of real property made by said sheriff upon an order of sale issued in a certain action lately pending in the said court. Upon the trial of said proceeding and application for amercement the court rendered a judgment denying the same and for the costs of said proceeding against the said James D. Russell, who brought the said matter to this court upon error.

The error assigned, although stated in several somewhat different ways, only presents the question of the decision of the district court upon the evidence presented for and against the application and motion for amercement. It appears from the bill of exceptions that some time in the year 1887, or previous thereto, William R. Spicknall and William H. Hassett commenced an action in the district court of Johnson county against Sarah E. Ingraham, Austin W. Buffam, John S. Harman, James D. Russell, James D. Russell, trustee, Jacob Garris, and C. T. Bradley, the purpose and object of which action was to foreclose a cer-

tain mortgage executed by the said Sarah E. Ingraham to the said William R. Spicknall and William H. Hassett, upon lot 5 in block 40, in the city of Tecumseh, to secure the payment of one promissory note for the sum of $600, with interest, executed to the said William R. Spicknall, and one promissory note for the sum of $400, with interest, executed to the said William H. Hassett, and upon which notes it was claimed there was due—on the note executed to W. R. Spicknall the sum of $600, together with interest thereon at the rate of ten per cent per annum from July 1, 1886, and upon the note executed to W. H. Hassett the sum of $400, with interest at ten per cent per annum from the 1st day of January, 1887. The other defendants were made such for the purpose of foreclosing certain liens which they had or claimed to have upon said lot, but all of which, with the exception of one of the liens of James D. Russell, were claimed to be junior and subsequent to the lien of the said mortgage sought to be foreclosed.

An answer and cross-bill was filed in said action by the defendant, A. W. Buffam, setting up a mortgage executed by the said Sarah E. Ingraham to him for the payment of the sum of $800, with interest at ten per cent per annum, dated March 28, 1883, upon which there was claimed to be due the sum of $800, with interest thereon at the above rate from the 28th day of March, 1887, and which was claimed to be a prior lien upon a part of said lot to the lien of the plaintiffs in said action.

An answer in said action was also filed by the defendant, J. S. Harman, setting up a mortgage executed to him by the said Sarah E. Ingraham, upon a part of said lot and upon which there was then claimed to be due the sum of $384.45 and interest thereon from January 1, 1887, and although the claim does not appear to have been made, the date of recording shows the lien of said mortgage to have been prior and senior to the mortgage lien of the said plaintiffs.

Upon the above answers the parties probably went to trial, and a judgment of foreclosure and sale was rendered in favor of the plaintiffs in the said action, but the record does not show it. The next paper that appears in the bill of exceptions is a copy of a requisition upon the clerk of the district court of Johnson county, by the sheriff of said county, requiring him to certify under his hand and official seal the amount and character of all existing liens against the following described land and tenements, to-wit: Begininng at the west (?) corner of lot 5, in block 40, in the city of Tecumseh, Johnson county, Nebraska, running thence south 125 feet, thence east 66 feet, thence north 125 feet, thence west 66 feet to the place of beginning; together with the answer of said clerk to the said requisition, setting forth as the first lien upon the said lot the decree in favor of A. W. Buffam, for $860$\frac{16}{100}$ and interest at ten per cent from December 24, 1887; the second lien, the decree in favor of J. S. Harman for $419$\frac{20}{100}$, with interest at 10 per cent from December 24, 1887; the third lien, the decree in favor of W. R. Spicknall for $750$\frac{69}{100}$, and W. H. Hassett for $440$\frac{40}{100}$, both drawing interest at 10 per cent; fourth, judgment in favor of Jacob Garris for $500.58, with interest from December 24, 1887, at 10 per cent.

J. D. Russell testified that he purchased the decree in favor of W. R. Spicknall and W. H. Hassett, in the case of Spicknall and others against Sarah E. Ingraham and others; that he obtained assignments in writing for said decree, both from Spicknall and Hassett, both of which assignments were exhibited. He also testified that the proceeds of the sale in said case of Spicknall and Hassett against Ingraham had never been paid to him, and that he had applied to the sheriff, William Grimes, for such proceeds.

It appears from the bill of exceptions that J. S. Harman bid off the lot at sheriff's sale at the price or bid of $1,100. It does not appear whether the purchase money

was ever paid or whether the sheriff ever executed a deed to Harman. It is supposed that he did, as Harman appears to have conveyed the lot, or that part of it which he purchased, to James D. Russell.

Now from the meager and unsatisfactory evidence furnished by the bill of exceptions the defendant in the foreclosure suit, J. S. Harman, whose claim amounting to $419.20 and interest, swelling it to $460, or thereabouts, was found to be the second lien on the property, bid it off at the sale. The sheriff, upon conveying the property to Harman, would, after satisfying his decree in full and paying the costs of suit and sale, hold the balance for A. W. Buffam, the holder of the first lien upon said lot involved in said foreclosure suit; and indeed by allowing the said Harman to retain the full amount of his lien out of his said bid, if he did, the sheriff laid himself liable to make a portion of it up to Mr. Buffam. If Mr. Russell did not buy out the interest of Mr. Buffam in the decree, which does not appear that he did, he has no claim on the sheriff for the said purchase money.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.